IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SMS FINANCIAL, LLC, *et al.*, | ) | CASE NO. 24-cv-01144 |
| | ) | |
| Plaintiffs, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| vs. | ) | |
| | ) | |
| FRANK BARAONA, *et al.*, | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| Defendants. | ) | **ORDER RESOLVING ECF NO. 20** |

Before the Court is a motion filed by Plaintiff SMS Financial CH, LLC ("SMS CH"). for summary judgment requesting foreclosure of property owned by Defendants Frank Baraona and Emily Baraona ("the Baraonas") in satisfaction of a certificate of judgment and judgment lien SMS holds against their property. (ECF No. 20). The Baraonas did not file a motion in opposition. For the following reasons, SMS's motion for summary judgment is **GRANTED**.

## I. FACTUAL BACKGROUND

On January 2, 2018, PNC Bank, N.A. ("PNC") obtained a judgment against the Baraonas in Cuyahoga County Court of Common Pleas case no. CV-17-881072, in the original amount of $80,578.88, plus costs, interest, and fees (the "PNC Judgment"). (ECF No. 20-1, Compl., PageID #121; ECF No. 20-3, PageID #130). On September 3, 2019, SMS CH received an assignment of the PNC Judgment, acquiring all PNC's title, rights, and interest in it. (ECF No. 20-1, PageID #121; ECF No. 20-4, PageID #132–33). On October 11, 2019, the Cuyahoga County Court of Common Pleas issued a certificate of judgment lien to the Ottawa County Common Pleas Court; the certificate was filed in Ottawa County on October 15, 2019 (the "PNC Judgment Lien"). (ECF No. 20-1, PageID #121; ECF No. 20-6, PageID #137). On December 4, 2019, SMS CH obtained a certificate of judgment lien in the Cuyahoga County Court of Common Pleas. (ECF No. 20-1,

1

PageID #121; ECF No. 20-7, PageID #138).  On July 8, 2024, SMS CH renewed the PNC Judgment Lien by filing a certificate of judgment lien in the Cuyahoga Court of Common Pleas, which it transferred to the Ottawa County Court of Common Pleas on August 30, 2024.  (ECF No. 20-1, PageID #122; ECF No. 20-8, PageID #141; ECF No. 20-9, PageID #146).

The Baraonas are the owners of the real property located at 5883 E. Saylor Street, Lakeside Marblehead, Ohio 43440 (the "Premises").  (*Id.* at PageID #121).  As of June 13, 2025, the Baraonas owe SMS CH a total of $90,055.45, including interest, costs, and attorney's fees; that amount is accruing interest at 4% per annum.  (*Id.*).  SMS CH represents that all conditions precedent required prior to its exercise of its rights under the judgment lien, if any, have been satisfied.  (*Id.* at PageID #122).  Despite SMS CH's demands, the Baraonas have not satisfied the PNC Judgment.

On June 30, 2025, SMS CH moved the Court for summary judgment regarding the PNC Judgment and PNC Judgment Lien.  (ECF No. 20). On July 28, 2025, the Baraonas filed a motion for extension of time to respond to the summary judgment motion.  (ECF No. 22).  The Court granted the request and allowed the Baraonas until August 11, 2025 to respond to the motion. (Order [non-document] dated 8/6/25).  Nonetheless, the Baraonas did not file any response to SMS CH's motion.

## II.     SUMMARY JUDGMENT MOTION STANDARD

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party must support its motion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing

2

that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

When reviewing summary judgment motions, the court must view the evidence in a light most favorable to the non-moving party to determine whether a genuine issue of material fact exists. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 153 (1970); *White v. Turfway Park Racing Ass'n, Inc.*, 909 F.2d 941, 943–44 (6th Cir. 1990). A fact is "material" only if its resolution will affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

A moving party's presentation of an uncontested factual record does not alone justify granting summary judgment. *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998). The moving party must make a prima facie showing that it is entitled to summary judgment as a matter of law by informing the court of the basis of its motion and pointing to the portions of the record that demonstrate a lack of genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 331 (1986).

If the moving party meets its burden of production, then the burden shifts to the non-moving party to point to specific facts in the record that create a genuine issue of material fact for trial. *Zinn v. United States*, 885 F. Supp. 2d 866, 871 (N.D. Ohio 2012) (citing *Fulson v. City of Columbus*, 801 F. Supp. 1, 4 (S.D. Ohio 1992)). The district is obligated only to consider the material facts presented in the parties' briefs, not to search the entire record for disputed facts. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479–80 (6th Cir. 1989).

## III.   DISCUSSION

Under Ohio law, a judgment becomes a "lien upon the lands and tenements of each judgment debtor within any county of this state from the time there is filed in the office of the clerk

of the court of common pleas of such county a certificate of such judgment."  Ohio Rev. Code

Ann. § 2329.02 (West 2026).[1] The certificate must identify the court in which it was filed, the title

and number of the action, the judgment creditors and debtors, the debtors' last known address, the

amount of the judgment, the interest rate and date from which it accrues, and the date it was

rendered.  *Id.*  The lands and tenements of a judgment debtor become "liable to be taken on

execution and sold as provided in sections 2329.02 to 2329.61 of the Revised Code."  ORC §

2329.01.

Sale of property shall be ordered when a property is foreclosed or to enforce a specific lien.

ORC § 2323.07.  A specific lien attaches to all ascertainable lands and tenements of the debtor,

taking priority against any other mortgage or lien held against their property.  *Feinstein v. Rogers*,

440 N.E.2d 1207, 1209 (Ohio Ct. App. 1981).  Judgment liens under ORC § 2329.02 are specific

liens; they may be enforced by a foreclosure action pursuant to ORC § 2323.07.  *Id.* at 1210.  Such

liens attach at the time the certificate of judgment is filed within a county to all real estate owned

by the judgment debtor within that county.  *Verba v. Ohio Cas. Ins. Co.*, 851 F.2d 811, 814 (6th

Cir. 1988).

Here, under ORC § 2329.02, SMS CH obtained a specific lien against all property owned

by the Baraonas in Ottawa County on October 15, 2019, when the certificate of judgment lien on

the PNC Judgment was filed in the Ottawa County Court of Common Pleas.  (ECF No. 20-1,

PageID #121; ECF No. 20-6, PageID #137).   On August 30, 2024, SMS CH renewed the PNC

Judgment Lien in Ottawa County.  (ECF No. 20-1, PageID #122; ECF No. 20-9, PageID #146).

SMS CH thus obtained a specific lien attaching to all real property owned by the Baraonas in

Ottawa County, including the Premises.  (*Id.*).  The PNC Judgment Lien identifies all required

---

[1] All statutes discussed in this Order are in the Ohio Revised Code (Annotated).  The Court has shortened its references to the Ohio Revised Code as "ORC."

information, including the original judgment amount of $80,578.88 with an interest rate of 4% from January 2, 2018, and the amount of interest and fees accrued at the time of filing.  (*Id.* at PageID #146).

SMS CH has met its burden of production and has made a prima facie showing that it is entitled to summary judgment as a matter of law.  While the Baraonas were provided an extended opportunity to do so, they filed no response and, thus, have not presented any evidence that there are genuine issues of material fact for trial.   SMS CH is therefore entitled to enforce the PNC Judgment and PNC Judgment Lien by foreclosure of the Premises under ORC § 2329.01. Therefore, its motion for summary judgment (ECF No. 20) is **GRANTED**.

## IV.     CONCLUSION

For the foregoing reasons, SMS CH's motion for summary judgment (ECF No. 20) is **GRANTED**.  The Court finds that the PNC Judgment Lien is a valid, subsisting lien against the Premises.  Judgment is hereby **GRANTED** in favor of Plaintiff SMS CH in the amount of $80,578.88, plus interest to be accrued at a rate of 4% per annum from January 2, 2018, plus costs in the amount of $1,752.62, and attorney's fees.  Pursuant to Fed. R. Civ. P. 54(b), the Court finds that there is no just reason for delay.

**IT IS SO ORDERED.**

**Date: May 27, 2026**

**CHARLES E. FLEMING**
**U.S. DISTRICT COURT JUDGE**